## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**ANTONIO POOLE,** and
**ANDRA POOLE, JR.**                                                                          **PLAINTIFFS**

v.                                                                         **CIVIL ACTION # 2:07cv74-KS-MTP**

**THE CITY OF PRENTISS, MISSISSIPPI;**
**TERRENCE COOLEY**, individually, and in
his official capacity as a duly commissioned
police officer in the City of Prentiss, Mississippi;
**HUDSON HEALTHMART DRUG STORE**; and
**JOHN** and **JANE DOES** 1-5, individually, and in their
official capacity                                                                      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to dismiss [Doc. # 37] filed by the

Defendant Hudson Healthmart, as well as the motion for partial summary judgment [Doc. # 45]

filed by the City of Prentiss and Terrence Cooley.  For the reasons fully set forth below, the

motion to dismiss by Hudson Healthmart should be **granted**, and the motion for partial summary

judgment by the City of Prentiss and officer Terrence Cooley should be **granted**

### I. FACTUAL BACKGROUND

This case arises out of a trip to the drugstore gone wrong.  After they were unable to cash

a check and return a hair weave product, brothers Andra and Antonio Poole, Jr.,  were

momentarily detained by the store's manager.  When police arrived just seconds later, a scuffle

ensued and the brothers were arrested by officers from the City of Prentiss police department.

After the charges against them were dropped, the brothers brought suit against police officers and

store employees involved in the incident.

In early January of 2007, brothers Andra and Antonio Poole, Jr., went to the Hudson Healthmart Drugstore in Prentiss, Mississippi. The brothers were there to return a hair weave product purchased by their mother and to cash a social security check for their grandmother. Despite an earlier promise to do so, employees at Hudson Healthmart refused to cash the check presented by the Poole brothers. After the employees declined to cash the Pooles' check, the pair started out of the store.

As they walked toward the exit, they were pursued by store owner David Waits, who believed the brothers were attempting to steal the hair weave product. Waits confronted the brothers near the store's entrance to ask whether the merchandise was stolen. As the three were speaking, Officer Terrence Cooley and Chief Jerry Magee of the Prentiss Police Department entered the store and joined the discussion. According to the Defendants, an employee of Hudson had tripped the store's silent alarm, and the officers were responding to the call.

Having heard enough from both Waits and Cooley, Andra told his brother "we ain't got to stand here and listen to this because we haven't done nothing." *See* Def.'s Ex. A [Doc. # 45-2] (May 30, 2008). The Poole brothers then attempted to exit the store, and were blocked by Officer Cooley. The officer refused to let the Poole brothers leave the store until he was satisfied that they were not shoplifting.

After this point, the facts of exactly what happened are unclear. Andra claims that Officer Cooley grabbed him by the arm to detain him. Andra stated that Officer Cooley pushed him against the door and grabbed his "arm or shirt." *See* Def.'s Ex. B at 5 [Doc. # 52-3] (June 23, 2008). When Andra attempted to "jiggle away," Andra claims that Officer Cooley "punched me in the stomach." *Id.* After that, Andra said that he "felt threatened" and "just started swinging" at Officer Cooley with a closed fist. *Id.* He doesn't recall how many times he hit Officer Cooley or

precisely where he hit him. *See* Def.'s Ex. A [Doc. # 45-2] (May 30, 2008).  Several bystanders

then joined in the struggle, and Andra alleges that Officer Cooley took the opportunity to strike

him in the face. *Id*.

 According to his deposition, Andra's brother Antonio responded to these actions by

striking Officer Cooley. *See* Def.'s Ex. B at 7 [Doc. # 45-3] (May 30, 2008).  Antonio claims that

Chief Magee then intervened to stop him from assaulting Officer Cooley. *Id*.  Antonio alleges

that the Chief and unknown bystanders "slammed me on my face...put the cuffs on me and took

me outside." *Id*.  Although the brothers were arrested and charged for assault, the Grand Jury

declined to return an indictment against them.

 The brothers filed suit against the City of Prentiss, both police officers involved, and the

Hudson Healthmart in this Court on April 5, 2007.  The Plaintiffs claim that the officers made an

unlawful arrest, used excessive force in making their arrest, and maliciously continued to pursue

the case against them without probable cause.  They seek damages for violations of 42 U.S.C. §

1983, the Mississippi Tort Claims Act, false imprisonment, and malicious prosecution. *See* Pl.'s

Compl. [Doc. # 1] (Apr. 5, 2007).

 Hudson Healthmart has moved for dismissal pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  The City of Prentiss and Officer Terrence Cooley have also moved for

partial summary judgment, asking the Court to dismiss all claims raised by Plaintiff Antonio

Poole, Jr., all claims raised against the City of Prentiss, and all remaining claims except the 42

U.S.C. § 1983 excessive force claim by Andra Poole against Defendant Terence Cooley.

## II. STANDARD OF REVIEW

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004). Material facts are those that "could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (citations omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ*., 485 F.3d 325, 331 (5th Cir. 2007). If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003). The nonmovant is not entitled to merely rest on her pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). If the nonmovant responds and still "no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni v. General Motors Corp*., 278 F.3d 448, 451 (5th Cir. 2002).

### III.  APPLICATION AND ANALYSIS

**1. Claims against Hudson Healthmart**

The Mississippi Code grants a shopkeeper's privilege to immunize merchants and their agents from liability if they "in good faith and upon probable cause based upon reasonable grounds" momentarily stop and question a person they believe to be a shoplifter. *See* Miss. Code Ann. § 97-23-95.  The statute removes liability for "slander, false arrest, false imprisonment, malicious prosecution, [or] unlawful detention" against the merchant, their employee, or a peace officer acting in good faith. *Id.*  In order to attain immunity, the decision to intervene must be based upon probable cause, and there must be proof that the detention and questioning of the customer was done in a reasonable manner. *Turner v. Hudson Salvage, Inc*., 709 So. 2d 425, 428 (Miss. 1998).  The party asserting the privilege has the burden of proof to show that probable cause existed to detain and question the alleged shoplifter. *J.C. Penney Co., Inc. v. Cox*, 148 So. 2d 679, 684 (Miss. 1963).  The Mississippi Supreme Court has stated that "the qualified privilege does not give a store owner or its employees the right to embarrass or harass a suspect in public view of others in a  rude manner." *Turner v. Hudson Salvage, Inc*., 709 So. 2d 425, 428 (Miss. 1998).

The evidence establishes that employees of Hudson Healthmart had probable cause to believe that the Poole brothers were shoplifting when they stopped them for questioning. According to Andra's deposition, the store's manager followed the pair as they walked toward the door, asking "is y'all stealing this hair." *See* Pl.'s Ex. B [Doc. # 52-3] (June 23, 2008).  The manger was referring to the hair weave product that the brothers said they were returning to the

5

store that day.  As soon as the boys reached the door, an officer from the City of Prentiss

intercepted them and began questioning the brothers.  Immediately after the officer's brief

questioning began, the brothers attempted to leave, and the melee ensued.  Therefore, Hudson

Healthmart acted reasonably and in good faith when its employees momentarily stopped the

brothers from exiting the store to inquire about the hair weave product.  Employees of the store

had sufficient probable cause, and the detention and questioning of the customers was done in a

reasonable manner.  As such, Hudson Healthmart is immune from liability for the momentary

detention and brief questioning of the brothers pursuant to Miss. Code Ann. § 97-23-95.

**2.  Excessive Force Claims of Antonio Poole**

To prevail on a claim for excessive force under 42 U.S.C. § 1983, a plaintiff must show

that, upon being detained, he (1) suffered an injury that (2) resulted directly and only from the

use of force that was excessive to the need and that (3) the force used was objectively

unreasonable. *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004).  The Fifth Circuit

has held that "[r]estraining a person in a prone position is not, in and of itself, excessive force

when the person restrained is resisting arrest." *Castillo v. City of Round Rock, TX*, 1999 WL

195292 at *3 (5th Cir. Mar. 15, 1999).

Antonio's claims of excessive force are insufficient to survive summary judgment.  The

only Defendant Antonio alleges used excessive force against him, Chief Magee, is no longer a

party to this action, as he was dismissed though an agreed order between the parties. *See* [Doc. #

31] (Apr. 10, 2008).[1]  According to the record, Chief Magee was the only officer that even

touched Antonio.  Second, the altercation between Andra and Officer Cooley has no bearing on

Antonio's excessive force claims, as the allegedly excessive force used by Officer Cooley was

directed only at Andra.  Even if Antonio suffered "cuts and bruises" as well as "mental and

emotional distress" as a result of the incident, his harm came solely from his decision to

intervene in the struggle between Andra and Officer Cooley. *See* Pl.'s Res. Br. at 2 [Doc. # 53]

(June 23, 2008).  Because he was not the target of the excessive force from any of the remaining

Defendants, his claims for excessive force cannot survive summary judgment.


 **3.  42 U.S.C. § 1983 Claims Against the City of Prentiss**

        Municipalities are not responsible for the constitutional violations of their employees

based on *respondeat superior*. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). In other

words, the City of Prentiss cannot be held liable "solely because it employs a tortfeasor." *Doe v.*

*Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). To be held liable, the "municipality

itself" must cause the violation at issue. *City of Canton*, 489 U.S. at 385.  Finding municipal

liability "under § 1983 requires proof of three elements: a policymaker; an official policy; and a

violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v.*

*City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

---

[1]  Even if Chief Magee were still a Defendant, the actions alleged by Antonio fail to rise
to the level of force that is both excessive and objectively unreasonable under the circumstances.

Proof of an official policy or custom can be shown in several ways, including: (1)

formally adopted policies; (2) informal customs or practices; (3) a custom or policy of inadequate

training, supervision, discipline, screening, or hiring; or (4) a single act by an official with final

policymaking authority. *See Monell v. City of New York Dept. of Social Servs*., 436 U.S. 658, 694

(1978); *Snow v. City of El Paso, Texas*, 501 F. Supp. 2d 826, 831 (W.D. Tex. 2006).  In their

responsive briefing, the Plaintiffs concede that there is no custom or practice of excessive force

that could make the City of Prentiss liable under § 1983.  Moreover, the record contains no

evidence of a formal policy on the part of the City that might have harmed the brothers, nor a

single act by an official with policymaking authority.  As such, the Plaintiffs have raised no

genuine issue of fact to sustain their claims against the city.

**4.  State Law Tort Claims of Both Brothers**

The Mississippi Tort Claims Act grants immunity for employees acting within the scope

of their employment for "duties or activities relating to police or fire protection" so long as the

actions were not done "in reckless disregard of the safety and well-being" of others. *See* Miss.

Code Ann. § 11-46-9.  And even if such recklessness is proven, immunity is still proper if the

person injured was "engaged in criminal activity at the time of injury." *Id.* The MTCA is drafted

to ensure that "[i]f the victim is engaged in an illegal activity that is a cause of the harm, the

government is immune from liability." *Miss. Dept. of Public Safety v. Durn*, 861 So. 2d 990, 997

(Miss. 2003).

Based on the evidence submitted, the officers could reasonably conclude that both

brothers were engaged in criminal activity sufficient to trigger protection under the Act, even if

the officers acted in reckless disregard for the brothers' safety.  Officer Cooley had probable

cause to question the brothers upon arriving at the scene, and retained that probable cause when

he prevented Andra from leaving the store by grabbing him.  Andra then began his assault on

Officer Cooley, and the allegedly excessive force by police officers and bystanders was applied.

Antonio then struck a police officer before anyone at the scene touched him, commencing his

own apparently criminal activity.  Because the alleged recklessness occurred in the context of the

apparent assaults by both brothers, there exists  "a clear nexus between the criminal activity and

the injury suffered" by the Plaintiffs. *Mississippi Dept. of Public Safety v. Durn*, 861 So. 2d 990,

997 (Miss. 2003).  Even though the Grand Jury declined to indict the brothers based on the

incident, "the MTCA does not require an actual finding of guilt" to preserve immunity. *See*

*McCoy v. City of Florence*, 2006 WL 1984735 at *13 (Miss. App. July 18, 2006).  There is no

question that the brothers willingly entered the fracas with police, and that the police who

allegedly injured them were participants and targets of the brothers own alleged criminal

activity.[2]  As such, the MTCA preserves immunity for the City of Prentiss and Officer Cooley

against the claims of both brothers under the Act because they were "engaged in criminal activity

at the time of injury."  *See* Miss. Code Ann. § 11-46-9.

---

[2] *See Duke v. Cartlidge*, 2006 WL 2788541 at *7 (S.D. Miss. Sep. 22, 2006) (finding immunity proper when deputy shot claimant who was involved in a bar fight at the time of the shooting).

**5. Malicious Prosecution**

To succeed on a claim for malicious prosecution, a plaintiff must show (1) the institution of a criminal proceeding; (2) by, or at the instance of, the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceeding; and (6) the plaintiff's suffering of injury or damage as a result of the prosecution. *See Strong v. Nicholson*, 580 So. 2d 1288, 1293 (Miss. 1991).

The Plaintiffs have put forward no evidence that could allow a reasonable jury to conclude that any of the Defendants were guilty of malicious prosecution against the brothers. The probable cause that Hudson Healthmart had to momentarily question the brothers was shared by officers of the City of Prentiss, who arrived to find the dispute at the store's entrance. Within seconds after their arrival, the brothers attempted to leave without satisfying either the store's owners or the police department that they were not attempting to steal from the store. And the ensuing scuffle gave the officers probable cause to arrest both brothers for assault on a police officer, such that they could say with a "fair probability" that the crime of assault had occurred. *See United States v. Nunez-Sanchez*, 478 F.3d 663, 666 (5th Cir. 2007). The actions witnessed by the police could easily lead to "a concurrence of an honest belief in the guilt of the person accused and reasonable grounds for such belief." *Page v. Wiggins*, 595 So. 2d 1291, 1294 (Miss. 1992). Because probable cause existed for authorities to institute criminal proceedings, the claim for malicious prosecution cannot withstand summary judgment. *See Coleman v. Smith*, 914 So. 2d 807, 812 (Miss. App. 2005).

**6. False imprisonment**

To establish a claim of false imprisonment, a plaintiff must show both that (1) he was detained and (2) the unlawfulness of the detention. *Hudson v. Palmer*, 977 So. 2d 369, 383 (Miss. App. 2007).   Like the claim of malicious prosecution, the Plaintiffs' allegation of false imprisonment is also insufficient to survive summary judgment.  As discussed *supra*, Hudson Healthmart enjoys immunity from this claim under Mississippi law, because they had probable cause and acted in good faith.  And even if the same statute did not protect police officers directly, officers from the City of Prentiss had probable cause to detain both brothers based on their altercation with the police.  Because the brothers cannot prove that their detention was unlawful, they cannot maintain a claim of false imprisonment against any Defendant.


## IV.  CONCLUSION

The Poole brothers were victims of a misunderstanding with a shopkeeper that escalated into a full-scale brawl.  Yet their Complaint asks for multiple grounds for relief that are simply unsupported by the facts.  Because both Hudson Healthmart and officers from the City of Prentiss each had probable cause to momentarily detain the brothers, then make an arrest after the scuffle, the brothers' claims of malicious prosecution,  false imprisonment, and claims under the MTCA cannot survive summary judgment.  Moreover, without any custom or policy proven to be implemented by the City of Prentiss, the § 1983 claims against it fail as well.  Finally, no excessive force claim can be maintained by Antonio Poole, because he voluntarily joined the fray, and the only officer against whom he can state a claim for excessive use of force is no

longer before the Court.[3]

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion for summary

judgment [Doc. # 37] filed by the Defendant Hudson Healthmart is **granted**, and the motion for

partial summary judgment [Doc. # 45] filed by the City of Prentiss and Terrence Cooley is

**granted**.

SO ORDERED AND ADJUDGED on this, the 14th day of August, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

e

---

[3] Based on the Court's reasoning, the only remaining claim is the § 1983 excessive force claim alleged by Andra Poole against Officer Cooley.